**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CIVIL ACTION NO. 08-256-JBC**

**MELISSA A. MELTON,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") (R. 11, 12). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir.

1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

## II. The ALJ's Determination

At the time of the alleged disability onset date, the plaintiff was a thirty-six-year-old female with a high school education. AR 26. She has past relevant work experience as a day care worker and fast food worker. *Id.* She alleges disability beginning on August 1, 2005, due to multiple impairments. AR 17. The plaintiff

filed her claim for DIB and SSI on October 19, 2005. *Id.* The claim was denied initially on March 27, 2006, and again upon reconsideration on June 26, 2006. *Id.* After a hearing on March 6, 2008, Administrative Law Judge ("ALJ") Don C. Paris determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.* At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the date of the alleged onset of disability. AR 19. At Step 2, the ALJ found that the plaintiff had severe impairments of borderline to low average intellect; major depressive disorder; recurrent, moderate, and generalized anxiety disorder with panic attacks; and obesity. *Id.* The ALJ then determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. AR 20. At Step 4, the ALJ determined that the plaintiff was unable to perform any past relevant work. AR 26. The ALJ concluded at Step 5, however, that the plaintiff could perform a significant number of other jobs in the national economy. AR 26-27. On July 24, 2008, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, AR 6, and the plaintiff commenced this action, R. 2.

**III. Legal Analysis**

The plaintiff contends that the ALJ erred by (1) improperly evaluating her pain, symptoms, and limitations and (2) failing to give appropriate weight to the opinion of her treating physician. The court will consider these arguments in turn.

3

**A.  The ALJ's Credibility Determination**

The plaintiff argues that the ALJ erred in his disability determination because he did not properly evaluate the plaintiff's testimony regarding pain, symptoms, and limitations.  The court construes these allegations as an argument that the ALJ improperly evaluated the plaintiff's credibility.  The ALJ is required to consider all of a plaintiff's symptoms, including pain, in determining whether she is disabled.  20 C.F.R. § 404.1529(a).  Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the plaintiff has an impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(b).  When such medical signs are present, the ALJ must then evaluate how the intensity and persistence of the symptoms affect the plaintiff's ability to do work.  20 C.F.R. § 404.1529(c); *see also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (citing *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).  In performing this inquiry, the ALJ must consider the objective medical evidence, evidence of the plaintiff's daily activities, the frequency and intensity of the plaintiff's pain, any precipitating or aggravating factors, any medications taken to alleviate the pain, and any other measures taken to remedy the plaintiff's pain.  *See Felisky*, 35 F.3d at 1039-40; 20 C.F.R. § 404.1529(c)(3).  Although an ALJ's credibility findings are to be accorded significant deference, an ALJ's assessment of the plaintiff's credibility must be

supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ found that the plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. AR 26. The plaintiff argues that the ALJ failed to provide a specific rationale for discrediting the plaintiff's subjective complaints of pain and other symptoms. However, the ALJ reasoned that the medical record did not support the plaintiff's subjective complaints. AR 25-26. In particular, medical records show that the plaintiff's mental impairments improved with treatment. AR 21, 738, 751. After an examination at the Dr. Anne Wasson Rural Health Center on June 26, 2006, the plaintiff was described as "[o]verall, doing fine." AR 21, 677.

Furthermore, "[a]s a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain." *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). The plaintiff's activities of daily living indicate that the she is able to monitor her son's progress in school and attend his football games. AR 22, 111. She also does household chores, watches television, and is active in her church. AR 22, 116, 118, 128.

The ALJ's assessment of the plaintiff's credibility and pain was based on substantial evidence, including the plaintiff's testimony, her daily activities, and the medical record; therefore, the court will not disturb it.

### B. Treating Physician

The plaintiff also claims that the ALJ improperly rejected the opinion of her treating physicians, Irfan Afaq, M.D., who diagnosed the plaintiff with a Global Assessment of Functioning ("GAF") score of 40 on December 21, 2005, and Melissa R. Couch, Ph.D., who diagnosed the plaintiff with a GAF score of 50 on January 31, 2006. AR 328, 759. The opinions of a treating physician are entitled to significant deference. *See, e.g., Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec'y of Health and Human Servs.,* 733 F.2d 85, 90 (6th Cir. 1985). If the opinion of a treating physician is not contradicted, it is entitled to complete deference. *Walker v. Sec. of Health and Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992). If the opinion of a treating source is not accorded controlling weight, the ALJ must consider factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the source's specialization, in determining the weight to give the opinion. *Wilson,* 378 F.3d at 544. An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings. *Walter v. Comm'r of Soc. Sec.,* 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan,* 998 F.2d 342, 347-48 (6th Cir. 1993).

The ALJ noted that despite the diagnosis on December 21, 2005, the medical evidence showed that after five therapy sessions, the plaintiff indicated

she was feeling better. AR 21. Progress notes from a follow-up visit to Kentucky River Community Care, Inc. reveal that the plaintiff was "doing better" after a temporary bout of depression. AR 21, 738. Earlier records note that the plaintiff stated that she was doing "pretty good" and her medications "have helped a great deal." AR 749. These improvements contradict Dr. Couch's diagnosis and support the ALJ's rejection of her opinion.

> Furthermore, Dr. Couch's own treatment record for the plaintiff states:
>
> [P]atient is able to recall, understand, and execute basic instructions. Ms. Melton is able to complete simple one or two step job instructions. Her concentration appears adequate at this time, and she attended appropriately during the evaluation. She is able to perform simple repetitive tasks. Ms. Melton appears to have the ability to relate to peers, co-workers and supervisors adequately. She is able to respond to supervision appropriately. The claimant would have difficulty coping adequately with the pressures and stressors such as those found in typical work settings. She is educable. Ms. Melton is able to work with objects. She would have difficulty interacting with the general public due to her anxiety. The claimant would not be able to manage deadlines or production quotas. Her ability to adopt to change is impaired. Her ability to maintain pace and persistence is impaired.

AR 328-29. From this medical record, the ALJ reasonably concluded that the plaintiff was "able to follow simple instructions in a relatively stress-free environment." AR 21. These findings provide substantial evidence for the ALJ's decision to disregard the opinions of the plaintiff's treating physicians.

Lastly, upon review of the plaintiff's mental health records, including Dr. Couch's findings, Ilze A. Sillers, Ph.D., a state agency psychologist, determined:

7

> Case findings do not fully support [the plaintiff's] allegations of disabling mental restrictions and thus these allegations are considered to be only partially credible. The [clinical evaluation] opinions of Dr. Couch are given partial weight as the limitations assigned are not fully supported by school records and TP records and appear to be primarily based on Ms. Melton's self report.

AR 332. Dr. Sillers's assessment shows that Dr. Couch's opinion was not supported sufficiently by medical findings.

Though a treating physician's opinions ordinarily are to be given significant deference, the court finds that the ALJ did not err in rejecting those opinions in light of the remainder of the medical evidence in the record.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (R. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (R. 12) is **GRANTED**.

Signed on  May 1, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

8